UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANUEL RAMIREZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, et al.<br><br>　　　　　　Defendants. | CASE NO. C19-1674-JCC<br><br>REPORT AND RECOMMENDATION |

Plaintiff Manuel Ramirez, appearing pro se, submits an application to proceed *in forma pauperis* (IFP) and a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff, a former state prisoner, alleges he was framed, wrongfully arrested, and imprisoned, and is under "[u]nlawful restraint today." (Dkt. 1-1 at 6.) He provides minimal information in support of these conclusory allegations. He seeks to have his rights restored and compensation and identifies as defendants the State of Washington and "Doe Defendants." A review of court filings reveals the Court has dismissed numerous similar cases filed by plaintiff in the past. *See, e.g., Ramirez v. Washington*, C14-0059-JLR; *Ramirez v. Washington State Department of Corrections*, C13-1686-TSZ; *Ramirez v. United States*, C12-2075-RAJ; and *Ramirez v. U.S. District Court*, C12-0534-JCC (Dkt. 3 at 2, n.1 (identifying eight other cases filed and closed in this district).

REPORT AND RECOMMENDATION
PAGE - 1

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must also allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's proposed complaint fails to allege sufficient facts to place any defendant on notice of the nature of plaintiff's claims or to otherwise provide any basis for this Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Considering both plaintiff's submission in the current case and his litigation history, there is no reasonable basis for concluding the deficiencies in the proposed complaint could be cured by amendment. Further, given that this action appears frivolous and fails to state a claim upon which relief may be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Because of the deficiencies in the proposed complaint, the request to proceed IFP should be DENIED and this case DISMISSED. 28 U.S.C. § 1915(e)(2)(B). A proposed order of dismissal accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 2

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 15, 2019**.

DATED this 25th day of October, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3